IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

UNITED STATES OF AMERICA    )
                            )       CRIMINAL ACTION NO.
    v.                      )          3:14cr334-MHT
                            )              (WO)
LADONNA CONLEY              )

OPINION AND ORDER

This cause is before the court on the question whether defendant Ladonna Conley has the mental competency to stand trial, that is, whether she is able to understand the nature and consequences of the proceedings against her and assist properly in her defense. Based on the evidence presented, the court holds that Conley should be committed to the custody of the Attorney General for further evaluation, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b).

A.

Conley is charged with one count of conspiracy to defraud the United States, five counts of wire fraud,

and five counts of aggravated identity theft. Defense counsel requested a competency evaluation based on concerns regarding Conley's ability to communicate with counsel and to comprehend the substance of their conversations. Conley was subsequently ordered by the magistrate judge to undergo a psychological examination, pursuant to 18 U.S.C. § 4241(b).

Since then, Conley has been evaluated twice by Dr. Catherine Boyer, a clinical psychologist. Defense counsel has submitted both evaluations to the court, and both are inconclusive as to Conley's competency. After holding a competency hearing and listening to testimony from the examining psychologist, the court has determined that Conley should be evaluated further.

Dr. Boyer's second, more extensive evaluation found that Conley suffers from significant cognitive, intellectual, and memory deficits. As a result, Conley's ability to assist in the defense falls into a "gray area between clearly competent and clearly incompetent." Forensic Psychological Evaluation of Dr.

2

Boyer (doc. no. 64) at 8.  Dr. Boyer explains that Conley would be considered competent to stand trial if she were facing simple charges "with a single act on a single date and easily understood types of evidence." Id.  However, because Conley's charges on tax fraud may involve complex evidence and testimony, Dr. Boyer was unable to determine to what extent Conley's cognitive deficits will prevent her from properly assisting in her defense.  Id.

At the competency hearing, Dr. Boyer suggested that further testing should focus on two inquiries.  First, any additional evaluation should include neuropsychological testing, to help the court better understand the causes of Conley's cognitive deficits and the scope of her abilities and limitations. Second, the next phase of testing should evaluate Conley's abilities within a 'mock trial'-type setting, in which Conley is presented with more demanding tasks, similar to those that would be required of her at trial.

A court may order a competency evaluation on defendant's motion, or on the court's own motion, "at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant," if there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a).  The court may order a defendant to be committed for a reasonable period to the custody of the Attorney General to be placed in a suitable Bureau of Prisons facility for this competency examination. 18 U.S.C. § 4241(b); 4247(b).

In this case, based on the representations made by Conley's counsel in his motion and during a conference call held on the record on November 13, 2014, as well as on the evaluations and testimony of Dr. Boyer, the court finds that there continues to be cause to believe

Conley may not be competent.  The court also finds, based on the testimony of Dr. Boyer, that the recommended clinical evaluation plan--specifically, neuropsychological testing and an assessment of Conley's capabilities within a trial-like setting--may allow the next examiner to reach a firmer conclusion regarding Conley's competency to stand trial.  Neither the government nor the defense object to further evaluation.

The court will, therefore, order Conley committed to the custody of the Attorney General for further evaluation at the Bureau of Prisons, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b).  The examination must be completed within a reasonable period of time, not to exceed 30 days; the director of the facility to which Conley is committed may apply for a reasonable extension, not to exceed 15 days.  18 U.S.C. § 4247(b).  Once the examination is complete, the examiner will prepare a psychological report, and file this report with the court and with counsel, pursuant to § 4247.

This report should include a description of the psychological and medical tests administered and their results; the examiner's findings, diagnosis, and prognosis of Conley's mental condition; and the examiner's opinions as to whether, given the demands that may be made on Conley throughout this prosecution, Conley will be able to assist properly in her defense.

B.

If, after this evaluation, the court were to find that Conley is incompetent to stand trial, the court would then be required again to commit her to the custody of the Attorney General, and again she would be hospitalized for treatment in a suitable facility in order to determine whether there is a substantial probability that, in the foreseeable future, she will attain the capacity to permit the proceedings to go forward.  18 U.S.C. § 4241(d)(1).  To avoid future inconvenience to Conley of another potential commitment, the court will order that, if the examiner

finds that Conley is incompetent to stand trial, the evaluation report should also include a determination as to whether there is a substantial probability that, in the foreseeable future, Conley will regain competency.

If the examiner is not able to complete this restoration determination within the 30-day statutory time period authorized for evaluation under 18 U.S.C. §§ 4241(b) and 4247(b), the examiner is to notify the court of this in the mental-competency report. At that time, the court will determine whether it may make a finding regarding Conley's competency, and whether more lengthy commitment pursuant to 18 U.S.C. § 4241(d)(1) is necessary.

* * *

Accordingly, it is ORDERED as follows:

(1) With regard to defendant Ladonna Conley's general commitment:

(A) The Attorney General should find a placement for defendant Conley for the purposes as set forth in this order. Unless impracticable, the examination should be conducted in the suitable facility closest to the court, pursuant to 18 U.S.C. § 4247(b).

(B) Defendant Conley is to self-surrender to the facility identified by the Attorney General. Once the evaluation is complete, she will be released under the same conditions that she arrived at the facility--that is, on her own, to her family.

(C) Defendant Conley will be responsible for the costs of transportation to and from the facility.

(2) With regard to defendant Conley's mental-competency evaluation:

(A) Defendant Conley will be examined for a reasonable period, not to exceed 30 days from the date of admission or arrival at the appropriate facility, by a licensed or certified psychiatrist or psychologist, pursuant to the provisions of 18 U.S.C. § 4241(b) and

§ 4247(b) & (c). The director of the facility at which Conley is evaluated may thereafter apply for a reasonable extension, not to exceed 15 days.

(B) A psychiatric or psychological report shall be filed with the court pursuant to the provisions of 18 U.S.C. § 4241(b) and § 4247(b) & (c). The report shall include an opinion whether defendant Conley is currently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

(3) With regard to defendant Conley's restoration evaluation:

(A) If the mental-competency report includes the opinion that defendant Conley is mentally incompetent, the examiner will, if possible within the time allowed, also provide his or her opinion as to whether there is a substantial probability that, in the foreseeable future, defendant Conley will attain the

capacity to permit the proceedings to go forward, pursuant to 18 U.S.C. § 4241(d)(1).

(B) If the examiner is not able to complete this restoration determination within the 30-day statutory time period authorized for evaluation under 18 U.S.C. §§ 4241(b) and 4247(b), the examiner is to notify the court of this in the mental-competency report. At that time, the court will determine whether it may make a finding regarding defendant Conley's competency and whether more lengthy commitment pursuant to 18 U.S.C. § 4241(d)(1) is necessary.

DONE, this the 2nd day of December, 2014.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE