IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
UNITED STATES OF AMERICA  )
                          )    CRIMINAL ACTION NO.
    v.                    )       3:14cr334-MHT
                          )           (WO)
LADONNA CONLEY            )
```

OPINION AND ORDER

This cause is now before the court on the question whether defendant Ladonna Conley has the mental capacity to stand trial, that is, whether she is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is not able to understand the nature and consequences of the proceedings against her or to assist properly in her defense. See 18 U.S.C. § 4241(a). Based on evidence presented in open court on February 20, 2015, the court concludes that she has the mental capacity to stand trial.

Conley's counsel requested an examination to determine whether she was competent based on concerns regarding her ability to communicate with counsel and

to comprehend the substance of their conversations. Conley was then ordered by the magistrate judge to undergo a psychological examination, and she was subsequently examined by forensic psychologist Dr. Catherine Boyer, Ph.D.  However, after extended testing, the results of Dr. Boyer's examination were inconclusive.  <u>See</u> Boyer Psychological Evaluation, dated Nov. 5, 2014 (doc. no. 64).  The court therefore determined that Conley should be evaluated further, and committed her to the custody of the Attorney General for further testing by the Bureau of Prisons.

Ashley Noble, Psy.D., a licensed psychologist, evaluated Conley at the Carswell Federal Medical Center in Fort Worth, Texas.  <u>See</u> 18 U.S.C. § 4241(b). She concluded that Conley was competent to stand trial. <u>See</u> Noble Psychological Evaluation, dated January 28, 2015 (doc. no. 110).  Specifically, Dr. Noble found that Conley did not meet the criteria for any mental disorder; that she did not demonstrate any impairment or distress throughout the evaluation period; and that

2

her intellectual functioning was average. Dr. Noble also found that Conley displayed good factual knowledge of her charges, her relationship with counsel, her obligations as a defendant, and courtroom procedures. Dr. Noble concluded that Conley should be able to communicate effectively with her attorney. In open court on February 20, 2015, counsel for both sides had no other evidence to present on the issue beyond the reports of Dr. Boyer and Dr. Noble.

Based upon the psychological evaluations and pursuant to 18 U.S.C. § 4241(a), the court concludes that Conley is not currently suffering from a mental disease or defect such that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

Nevertheless, although the court has found her to be competent, to the extent that Conley has limited intellectual functioning, the court will allow liberal accommodations to be made at trial to ensure that she fully understands the proceedings and the choices she

must make.  This will include providing Conley regular opportunities to confer with counsel, extended recesses, and sufficient time for counsel to explain testimony and other evidence during the trial.

* * *

Accordingly, it is ORDERED that defendant Ladonna Conley is declared mentally competent to stand trial in this case.

DONE, this the 20th day of February, 2015.

                                              /s/ Myron H. Thompson
                                            UNITED STATES DISTRICT JUDGE